IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Civil Action No.: |
| v. ) | |
| MARATHON INVESTMENT ) | |
| PARTNERS, LP ) | |
| Defendant. ) | |

**COMPLAINT FOR RECEIVERSHIP, PERMANENT INJUNCTION AND MONEY JUDGMENT**

The United States of America, the plaintiff in the above-captioned matter, on behalf of its agency, the United States Small Business Administration, states for its complaint the following:

**PARTIES, JURISDICTION AND VENUE**

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Marathon Investment Partners, LP

(hereinafter, "Marathon" or "Defendant"), is a Delaware limited partnership having filed its Certificate of Limited Partnership on May 29, 1998. Defendant currently maintains its principal place of business at 500 Edgewater Drive, Suite 555, Wakefield, Massachusetts, 01880. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS AND APPLICABLE LAW

4. Defendant was licensed by SBA as a small business investment company ("SBIC") on September 30, 1998, SBA License No. 01/01-0370, under Section 301 of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Section 102 of the Act, 15 U.S.C. §661, states that all SBICs are intended to advance the interest of small businesses by providing financial assistance to small concerns.

6. Section 2.8 of Defendant's Agreement of Limited Partnership specifically incorporates the provisions the SBA Annex of General Provisions for an Agreement of Limited Partnership for a Section 301(c) Licensee Without Leverage or Only Issuing Debentures. Article II of the Annex provides that Defendant was organized solely for the purpose of operating under the Act and is subject to the limitations provided in the Act.

7. Section 308(c) of the Act, 15 U.S.C. § 687c, authorizes SBA to prescribe regulations to carry out the provisions of the

Act and to govern the operations of SBICS. The SBA has duly promulgated regulations implementing the Act, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a licensee may be forfeited and the company may be declared dissolved.

9. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such licensee.

10. In accordance with Section 303 of the Act, 15 U.S.C. § 683b, SBA provided financing to Defendant through the guarantee of the following subordinated debentures:

    a.    No. 04658051-04 in the amount of $2,500,000;
    b.    No. 04658052-02 in the amount of $2,250,000;

```
c.  No. 04658053-00 in the amount of $500,000;
d.  No. 04658054-09 in the amount of $750,000;
e.  No. 04658055-07 in the amount of $750,000;
f.  No. 04658056-05 in the amount of $750,000;
g.  No. 04658057-03 in the amount of $600,000;
h.  No. 04658058-01 in the amount of $500,000;
i.  No. 04658059-10 in the amount of $500,000;
j.  No. 04658060-02 in the amount of $500,000;
k.  No. 04658061-00 in the amount of $500,000;
l.  No. 04658062-09 in the amount of $400,000;
m.  No. 04658063-07 in the amount of $2,000,000;
n.  No. 04658064-05 in the amount of $100,000;
o.  No. 04658065-03 in the amount of $750,000;
p.  No. 04658066-01 in the amount of $350,000;
q.  No. 04658067-10 in the amount of $750,000.
```

11.  As of December 10, 2004, Defendant is indebted to SBA in the amount of $15,354,725.58 comprised of $14,450,000 in principal, $904,725.58 in interest and fees, with a per diem rate of $3,280.72. To date, no payments have been received from Defendant.

## COUNT ONE
## CAPITAL IMPAIRMENT

12.  Paragraphs 1 through 11 are incorporated by reference as though set forth in their entirety herein.

13.  Section 107.1810(g) of the Regulations, 13 C.F.R. § 107.1810 (2004), which governs the Debentures, provides that the entire indebtedness, and/or the principal amount, of an SBIC's debentures may be declared due and payable on the happening of certain events of default, as described in that regulation.

14.  Section 107.1810(f)(5) of the Regulations, 13 C.F.R. § 107.1810(2003) provides that a condition of capital impairment is an event of default with opportunity to cure.

4

15. Section 107.1830 of the Regulations further provides that a Licensee, such as Defendant, has a condition of Capital Impairment if its capital impairment percentage is greater than 45%.

16. By letter dated May 25, 2004, SBA informed Defendant that, based upon an SBA Form 468 submitted by Defendant for the period ending March 31, 2004, Defendant had a capital impairment percentage of 89.80%, which percentage constituted an event of default with opportunity to cure under 13 C.F.R. 107.1810(f)(2001).

17. By that same letter dated May 25, 2004, SBA gave Defendant 15 days, or until June 9, 2004, to cure its condition of capital impairment.

18. Defendant failed to cure its condition of capital impairment. Pursuant to the SBA Form 468 submitted by Defendant for the period ending September 30, 2004, the capital impairment ratio is now 123.4%.

19. In accordance with 13 C.F.R. §107.1810, by letter dated September 2, 2004, SBA accelerated the indebtedness evidenced by the Debentures and made demand for payment in full, totaling $15,053,653.31 comprised of $14,450,000 in principal, $530,809.73 in interest and $72,843.58 in fees, with a per diem rate of $3,280.72 as of September 1, 2004. To date, no payments have been received from Defendant.

20. Defendant remains capitally impaired in violation of 13 C.F.R. 107.1810(f)(5).

21. As of December 10, 2004, Defendant is indebted to SBA for the total sum of $15,354,725.58, including principal of $14,450,000 and accrued interest and fees in the amount of $904,725.58 with a per diem interest rate of $3,280.72.

## CONCLUSION

**WHEREFORE**, Plaintiff prays as follows:

A.  That injunctive relief, both preliminary and permanent in nature, be granted restraining Marathon, its partners, officers, agents, employees, financial managers, and other persons acting on its behalf, in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Marathon, wherever located; and (3) violating the Act or the Regulations promulgated thereunder;

B.  That this Court determine and adjudicate Marathon's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C.  That this Court take exclusive jurisdiction of Marathon and all of its assets, wherever located, appoint SBA as permanent receiver of Marathon for the purpose of liquidating all of Marathon's assets, satisfying the claims of creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Marathon against third parties, as appropriate;

D.  That this Court render Judgment against Marathon and in favor of SBA as of December 10, 2004 in the amount of $15,354,725.58 comprised of $14,450,000 in principal, $904,725.58 in interest and fees, with a per diem rate of $3,280.72 until the date of judgment, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered;

E.  That this Court grant such other relief as may be deemed just and proper.

                                        Respectfully submitted,

                                        UNITED STATES OF AMERICA
                                        By its attorneys

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Dated: February 9, 2005  By: *[signature]*
                                        Christopher R. Donato
                                        Assistant U.S. Attorney
                                        John Joseph Moakley Courthouse
                                        One Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3303

                                        U.S. SMALL BUSINESS ADMINISTRATION
                                                       by CRD.

Dated: February 9, 2005  By: *[signature]*
                                        ARLENE M. EMBREY, ESQ.
                                        Trial Attorney
                                        U.S. Small Business Administration
                                        409 Third Street, Seventh Floor
                                        Washington, D.C. 20416
                                        (202) 205-6976
                                        Facsimile: (202) 481-0324

                                        Attorneys for Plaintiff